IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MICHAEL GOTTSWILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 04-6057-CV-SJ-HFS-REL |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Michael Gottswiller seeks a remand to the Commissioner of Social Security for the taking and consideration of new and additional evidence. I find that (1) the evidence is "new," in that it was not introduced during the pendency of the administrative proceeding, (2) the evidence is "material," since it relates to the claimant's condition on or before the date of the proceeding and might have changed the outcome of the proceeding, and (3) there is "good cause" for not providing the evidence since the information was not available until after the administrative proceeding had concluded. Therefore, plaintiff's motion for remand will be granted.

I. **BACKGROUND**

Plaintiff filed an application for disability benefits on February 26, 2001, alleging an onset date of June 1, 1998. He was found disabled beginning February 1, 2001, at step three of the sequential analysis, i.e., plaintiff's impairment met the

criteria of a listed impairment.  Plaintiff appealed the decision, requesting an earlier onset date as his insured status expired on September 30, 1998.  Plaintiff is entitled to Supplemental Security Income beginning February 1, 2001; however, his application for Disability Insurance Benefits was denied since he was found to have become disabled after the expiration of his insured status.

A hearing was held before an Administrative Law Judge ("ALJ") on June 12, 2003.  He entered an order on July 3, 2003, finding that plaintiff was not disabled as of September 30, 1998.  The medical records submitted during the administrative hearing establish that plaintiff began experiencing fainting, loss of consciousness, and seizure-like activity in July 1998.  Testing showed mild coronary artery disease and a heart block, and plaintiff was given a pacemaker.  The ALJ found that plaintiff's fainting episodes resolved, and he did not seek medical treatment until March 2000 when he reported recent onset of chest pain and other symptoms.  The ALJ specifically found that plaintiff's "pacemaker is functioning properly" (Tr. at 25).

This case was filed in federal court on June 9, 2004, and on October 21, 2004, plaintiff filed a motion to remand to the Commissioner of Social Security to consider new and additional evidence. Plaintiff's motion for remand includes a letter dated March 23, 2004, from Eric Sollars, M.D., plaintiff's treating physician, stating that he recently learned that plaintiff's pacemaker and its conductive leads implanted on July 8, 1998 are defective and need to be replaced.  Attached to the letter are eight pages of medical records which include references to plaintiff's

2

criteria of a listed impairment.  Plaintiff appealed the decision, requesting an earlier onset date as his insured status expired on September 30, 1998.  Plaintiff is entitled to Supplemental Security Income beginning February 1, 2001; however, his application for Disability Insurance Benefits was denied since he was found to have become disabled after the expiration of his insured status.

A hearing was held before an Administrative Law Judge ("ALJ") on June 12, 2003.  He entered an order on July 3, 2003, finding that plaintiff was not disabled as of September 30, 1998.  The medical records submitted during the administrative hearing establish that plaintiff began experiencing fainting, loss of consciousness, and seizure-like activity in July 1998.  Testing showed mild coronary artery disease and a heart block, and plaintiff was given a pacemaker.  The ALJ found that plaintiff's fainting episodes resolved, and he did not seek medical treatment until March 2000 when he reported recent onset of chest pain and other symptoms.  The ALJ specifically found that plaintiff's "pacemaker is functioning properly" (Tr. at 25).

This case was filed in federal court on June 9, 2004, and on October 21, 2004, plaintiff filed a motion to remand to the Commissioner of Social Security to consider new and additional evidence. Plaintiff's motion for remand includes a letter dated March 23, 2004, from Eric Sollars, M.D., plaintiff's treating physician, stating that he recently learned that plaintiff's pacemaker and its conductive leads implanted on July 8, 1998 are defective and need to be replaced.  Attached to the letter are eight pages of medical records which include references to plaintiff's

2

defective pacemaker and the "pacemaker malfunction".

## II. MOTION TO REMAND

Title 42, United States Code, Section 405(g) provides in pertinent part that the court "may at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding".

A sentence-six remand[1] is proper when "new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). Accordingly, where a claimant seeks to have the court order a sentence-six remand, the claimant must establish that (1) the evidence was "new," in that it was not introduced during the pendency of the administrative proceeding, (2) the evidence is "material," in that it relates to the claimant's condition on or before the date of the proceeding and might have changed the outcome of the proceeding, and (3) there is "good cause" for not providing the evidence; that is, that the claimant can show that the information was not available to him or her until after the administrative proceeding had concluded. Id.

---

[1] So called because its authority comes from the sixth sentence in 42 U.S.C. § 405(g).

The decision of whether to remand a case to the Commissioner for reconsideration on the basis of new material evidence is in the discretion of the district court. See Mitchell v. Shalala, 48 F.3d 1039, 1042 (8th Cir. 1995); Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994); Geigle v. Sullivan, 961 F.2d 1395, 1397 (8th Cir. 1992).

### A.  "NEW" EVIDENCE

Defendant does not dispute the fact that the evidence attached to plaintiff's motion is "new" except to point out that Dr. Sollars's letter is in the administrative record. Dr. Sollars's letter, dated almost a year after the ALJ's decision, does appear in the record, but the medical records do not (there is only one page of new medical records whereas in the motion to remand there are eight single-spaced typed pages of medical records). Defendant argues that the Appeals Council's decision makes it clear that it considered Dr. Sollars's letter and found that the ALJ's decision was supported by the record as a whole, including the newly submitted evidence. However, the Appeals Council denied the request for review.

Because plaintiff has submitted evidence consisting of Dr. Sollars's opinion and corresponding cardiac medical records which were not available to the ALJ prior to issuing his decision, I find that plaintiff has satisfied the first requirement.

### B.  "MATERIAL" EVIDENCE

Evidence is "material" if it relates to the claimant's condition on or before the date of the proceeding and might have changed the outcome of the proceeding.

4

Defendant argues that "the evidence both before Plaintiff's insured status expired and thereafter, generally indicates that the pacemaker was functioning normally."

The evidence in the record includes a finding by Dr. Sollars in January 2003 that plaintiff's pacemaker was functioning normally. However, the records provided by plaintiff in his motion to remand suggest that plaintiff's pacemaker could not have been functioning properly at any time after July 1998 because it was defective. Additionally, Dr. Sollars clearly changed his opinion about the effectiveness of plaintiff's pacemaker, as he has now determined that the pacemaker is "defective", not that it somehow broke sometime after plaintiff's last insured date.

When a diagnosis, i.e., the discovery of a pacemaker defect, emerges after the close of the administrative proceedings that "sheds considerable new light on the seriousness of [a claimant's] condition," evidence of that diagnosis is material and justifies remand. Lisa v. Secretary of HHS, 940 F.2d 40, 44 (2d Cir. 1991) (quoting Tolany v. Heckler, 756 F.2d 268, 272 (2d Cir. 1985)). The introduction of this new evidence would present a reasonable possibility of influencing the Commissioner to decide the application differently.

C. *GOOD CAUSE*

Defendant does not contest that there was good cause for failing to submit this evidence at the administrative hearing, and I find that because the treating physician did not determine that the pacemaker was defective until after the ALJ's decision, there is good cause for failing to submit it earlier.

### *III. CONCLUSION*

I find that (1) the evidence is new, in that it was not introduced during the pendency of the administrative proceeding, (2) the evidence is material, since it relates to the claimant's condition on or before the date of the proceeding and might have changed the outcome of the proceeding, and (3) there is good cause for not providing the evidence since the information was not available until after the administrative proceeding had concluded. Therefore, it is

**ORDERED** that plaintiff's motion for remand to the Commissioner of Social Security for the taking and consideration of new and additional evidence is granted. The court will retain jurisdiction of this case.

All evidence of all disabilities must be considered in making a disability determination. 20 C.F.R. § 404.1605(b). Therefore, all of the new evidence, including that considered by the Appeals Council but not considered by the Commissioner during the original proceeding, shall be presented to the Commissioner on remand.

The parties are reminded that sentence-six remands require the Commissioner to return to the district court and file additional findings of fact, the decision, and a transcript of the additional record. 42 U.S.C. § 405(g); <u>Melkonyan v. Sullivan</u>, 501 U.S. at 98.

It is further

ORDERED that the defendant file bi-monthly status reports, beginning December 1, 2005. It is further

ORDERED that the Clerk of Court administratively terminate this case while on remand to the Commissioner.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 21, 2005

7